UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STATE AUTOMOBILE MUTUAL            )
INSURANCE COMPANY,                 )
                                   )
          Plaintiff,               )
                                   )
VS.                                )          Civil Action No:  SA-14-CA-878-XR
                                   )
MELISSA SAXON, ET AL.              )
                                   )
          Defendants,              )

**ORDER**

On this date, the Court considered its jurisdiction over this case.  This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff State Automobile Insurance Company filed this suit against various defendants, citing diversity jurisdiction under 28 U.S.C. § 1332(a).  Plaintiff is alleged to be a Ohio corporation with its principal place of business in Ohio.  Defendants Melissa Saxon, Patrick Conway, Courtney Hatten, and Kristopher Saxon are alleged to be individuals residing in San Antonio, Texas.  Defendants R.E.S.A., Inc. d/b/a Keller Williams Realty Heritage ("R.E.S.A.") and Keller Willis San Antonio, Inc. d/b/a Keller Williams Realty City-View ("Keller Willis") are alleged to be domestic Texas for-profit corporations.

For diversity jurisdiction, the party asserting federal jurisdiction must "distinctly and affirmatively allege" the citizenship of the parties.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  A corporation is deemed to be a citizen of both the state in which it is incorporated and the state where its principal place of business is located.  18 U.S.C. § 1332(c).  Thus, in order

1

to establish diversity jurisdiction, a complaint must specify *both* a corporate party's state of incorporation and its principal place of business.  Where the plaintiff fails to specify either, the pleadings are inadequate to establish diversity.  *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982).  Because the Complaint fails to allege the location of the principal place of business of Defendants R.E.S.A. and Keller Willis, it fails to adequately plead a factual basis for diversity jurisdiction.

With regard to the individual Defendants, the Complaint alleges only their residence. Citizenship, not residence, is the relevant consideration for diversity jurisdiction.  For diversity purposes, state citizenship is synonymous with domicile (residence and the intention to remain). *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007) ("A party's residence in a state alone does not establish domicile."). An allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a).  *Monardes v. Ayub*, 339 F. App'x 369, 370 (5th Cir. 2009). Thus, Plaintiff must cure this deficiency by alleging the citizenship, rather than just the residence, of each individual Defendant.

## Conclusion

Plaintiff is ORDERED to file an Amended Complaint that sufficiently demonstrates a basis for this Court's jurisdiction no later than **October 20, 2014**.

SIGNED this 9th day of October, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

2